Filed 7/8/24  Jacky R. v. AG Seal Beach CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| JACKY R.,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>AG SEAL BEACH, LLC et al.,<br><br>　　　Defendants and Appellants. | B328654<br><br>Los Angeles County<br>Super. Ct. No. 22STCV10538<br><br>ORDER MODIFYING OPINION<br><br>[CHANGE IN JUDGMENT] |

THE COURT:

　　Good cause appearing, the non-published opinion in the above-entitled matter, filed on July 2, 2024, is hereby modified as follows:

　　On page 9 of the opinion, the words "award costs to Seal Beach" are deleted from the disposition and replaced with the words "award costs to appellants."

　　As this modification is to the disposition, there is a change in judgment.

_____

GRIMES, Acting P. J.　　　　WILEY, J.　　　　VIRAMONTES, J.

Filed 7/2/24  Jacky R. v. AG Seal Beach CA2/8  (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| JACKY R.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AG SEAL BEACH, LLC et al.,<br><br>Defendants and Appellants. | B328654<br><br>Los Angeles County<br>Super. Ct. No. 22STCV10538 |

APPEAL from an order of the Superior Court of Los Angeles County, Colin P. Leis, Judge.  Reversed.

Levinson Arshonsky Kurtz & Komsky, Nathan T. Lowery and Janelle L. Menges for Defendants and Appellants.

Valencia & Cywinska, Mark Joseph Valencia and Izabela Cywinska Valencia for Plaintiff and Respondent.

_____

Recent federal legislation amends the Federal Arbitration Act by voiding predispute agreements requiring arbitration of sexual assault and sexual harassment claims.  This legislation is

the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (the Act; Pub.L. No. 117-90, 136 Stat. 26), codified at 9 United States Code sections 401 and 402, which was signed into law on March 3, 2022.  (See *Murrey v. Super. Ct.* (2023) 87 Cal.App.5th 1223, 1230 (*Murrey*).)

The parties dispute whether the Act applies to this lawsuit, which respondent Jacky R. filed after the Act's enactment.  If it does, the case stays in court; if not, arbitration is perhaps the way forward.

The trial court determined the Act applied and voided the arbitration agreement between the parties.  In so doing, the court ignored a key statutory note having the force of law.  We accordingly reverse and remand the matter to the trial court.

The relevant facts are undisputed.  Because of this, and because we address an issue of statutory interpretation, we independently review the matter.  (See *People v. Tingcungco* (2015) 237 Cal.App.4th 249, 253 (*Tingcungco*).)

## I

From December 2020 to July 2021, Jacky R. worked as a Dietary Aid (chef) for AG Seal Beach, LLC—a company doing business as Seal Beach Health and Rehabilitation Center that we call Seal Beach.

Jacky R. claims several coworkers made sexist and offensive remarks about her.  She complains of one coworker in particular, Alvaro Esparza.  She claims Esparza inappropriately touched her, stared and spoke to her offensively, made sexual comments about her body, and assaulted her in a closet.  Jacky R.'s complaint states various acts occurred in late April and May 2021, and once at an unspecified time before this.

2

Jacky R. maintains she reported Esparza's conduct to a supervisor in June 2021 and the company put him on administrative leave while it undertook a sham investigation of her complaints.  Less than a week later, the company let Esparza return to work, and he continued to stare and smile at her oddly. Jacky R. claims she could no longer work under these conditions, so she resigned on July 25, 2021.  She maintains Seal Beach constructively discharged her and explains she could not "work for a company that did a one-sided investigation, refused to review the evidence that [she] had, and allow[ed] a sexual batterer to work for them" while refusing to take remedial action and disregarding her complaints.  Jacky R. says the supervisor who did the investigation referred to her as a "liar" and interfered when she tried to escalate her complaints.

Seal Beach asks that we judicially notice a Charge of Discrimination Jacky R. submitted to the Equal Employment Opportunity Commission (the Commission) and the California Department of Fair Employment and Housing (the Department)— now the Civil Rights Department—in July 2021.  The charge outlines the sexual harassment Jacky R. claims to have faced at Seal Beach in April and May 2021, and the company's inadequate response.  Jacky R. does not oppose this request and asks us similarly to notice a discrimination complaint she filed with the Department in late March 2022, and a related Right to Sue notice. We grant both requests.

Following this agency activity, Jacky R. filed this lawsuit on March 28, 2022.  She sued both Seal Beach and Esparza, asserting claims for sexual battery and battery, hostile work environment harassment, failure to prevent harassment, and constructive discharge in violation of public policy.

3

Seal Beach moved to compel arbitration. Its evidence showed a broad arbitration agreement between the parties—entered into in February 2021 and governed by the Federal Arbitration Act (the FAA; 9 U.S.C. §§ 1 et seq.)—covered Jacky R's claims.

Jacky R. opposed the motion. She argued the Act rendered the agreement unenforceable because she filed her lawsuit after the Act went into effect. She separately argued the agreement was unenforceable because it resulted from fraud and was unconscionable.

In reply, Seal Beach argued the Act did not apply because the complained-of conduct occurred before the Act's effective date. It pointed to two federal cases and a statutory note supporting its position. Seal Beach also responded to Jacky R.'s claims of fraud and unconscionability.

The trial court issued a tentative ruling that addressed only the Act's applicability. At the hearing, the parties addressed only this issue before turning to case management matters. Seal Beach's counsel again pointed to the statutory note, and the court responded that the note was "not the statutory language" and had not been adopted or enacted. According to the court, the language of the statute was clear: "as of March 3, 2022, these types of arbitration agreements are unenforceable period[.]" The court adopted its tentative as its final ruling and denied Seal Beach's motion.

## II

*Kader v. Southern California Medical Center, Inc.* (2024) 99 Cal.App.5th 214 (*Kader*) makes short work of this appeal.

In *Kader*, an employee claimed a physician at his workplace sexually harassed and assaulted him both before and after he

4

signed an arbitration agreement with his employer, a community clinic. The employee sued the clinic and others after the Act's effective date. (*Kader*, *supra*, 99 Cal.App.5th at pp. 217–219.)

That case, like this one, hinged on the statutory note. *Kader* described the pertinent statutory scheme, including the note: The Act has two codified sections. The first, Section 401, defines relevant terms. (9 U.S.C. § 401.) As for the second, "Section 402 (a), provides that at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, 'no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.' Any issue as to whether the Act applies to a dispute is to be determined under federal law. (9 U.S.C. § 402 (b).) . . .¶. . . A statutory note to the Act adds: '*This Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act.*' (Pub.L. No. 117-90, § 3, (Mar. 3, 2022) 136 Stat. 28, reprinted in notes foll. 9 U.S.C. § 401.) All provisions enacted by Congress, including a provision codified as a statutory note, must be given equal weight regardless of their placement by the codifier. (*Famuyide v. Chipotle Mexican Grill, Inc.* (D. Minn., Aug. 31, 2023, No. CV 23-1127 (DWF/ECW)) 2023 WL 5651915, p. *3 (*Famuyide*).) 'The Court must read § 402(a) in conjunction with the statutory note, as both are binding law.' (*Ibid.*)" (*Kader*, *supra*, 99 Cal.App.5th at pp. 221–222, italics added.)

*Kader* considered what constitutes a dispute under the statutory note. The employer equated "dispute" with the alleged sexual conduct, which preceded the Act (and the agreement, in

part) and therefore arguably removed the case from the Act's scope. (See *Kader*, *supra*, 99 Cal.App.5th at pp. 217–218.) The court disagreed, holding "the date that a dispute has arisen for purposes of the Act is a fact-specific inquiry in each case, but a dispute does not arise solely from the alleged sexual conduct. A dispute arises when one party asserts a right, claim, or demand, and the other side expresses disagreement or takes an adversarial posture." (*Id.* at p. 222.) The court found the parties' arbitration agreement invalid because there was no evidence a disagreement or controversy existed until after the Act's effective date, when the employee filed charges with the Department. (*Id.* at pp. 218 & 224.)

Here, Jacky R. concedes her claims "occurred before March 3, 2022" and does not contend they accrued later. But unlike *Kader*, the dispute here arose before the enactment date.

Jacky R. reported Esparza's sexual conduct to a supervisor in June 2021. The company then investigated—in a manner Jacky R. disapproved—and determined Esparza should return to work. This response upset Jacky R., she disagreed with it, and she resigned. Around the same time, in July 2021, she filed a discrimination charge against the company with state and federal agencies outlining details of this controversy. Thus, the dispute existed well before March 28, 2022—when Jacky R. filed her lawsuit—and before March 3, 2022—when the Act went into effect. (See *Kader*, *supra*, 99 Cal.App.5th at p. 223 [a dispute "requires a disagreement or controversy"]; see also *Hodgin v. Intensive Care Consortium, Inc.* (S.D.Fla. 2023) 666 F.Supp.3d 1326, 1329–1330 ["Plaintiff's dispute arose when she filed Charges of Discrimination against her employer with the [Commission]" because by then she was "in an adversarial posture with her

6

employer in a forum with the potential to resolve the claim"]; *Castillo v. Altice USA, Inc.* (S.D.N.Y. 2023) ___ F. Supp.3d ___ (2023 WL 6690674, at *2, *5) [dispute arose, at the latest, when plaintiff "complained of sexual harassment [to her employer] to no avail and was thereafter subjected to retaliation"].)

The Act does not apply to this lawsuit. The trial court erred in denying Seal Beach's motion on this basis.

Jacky R. cites only one case in her brief (*Murrey*) and maintains this case shows the Act governs every case filed after its enactment. *Murrey* acknowledged there was "some debate about whether it matters *when* the underlying sexual harassment or assault took place." (*Murrey*, *supra*, 87 Cal.App.5th at p. 1235.) But it expressly did not reach the issue here because the plaintiff there filed her case a year before the Act became law. (*Ibid.*)

Jacky R. focuses on certain language of Section 402, subdivision (a), and argues it means the Act covers every case filed after March 3, 2022. This provision states in full, with our emphasis: "*Notwithstanding any other provision of this title*, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a *case* which is *filed* under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." (9 U.S.C. § 402, subd. (a)).

According to Jacky R., the emphasized language directs us to disregard the statutory note and to apply the provision to any case filed after the Act's effective date.

7

We may not disregard the note, which was enacted with Section 402, is binding, and makes clear the filing date is not controlling. (See *Kader*, *supra*, 99 Cal.App.5th at p. 222; *Ruiz-Perez v. Garland* (5th Cir. 2022) 49 F.4th 972, 975, fn. 1 ["Statutory notes are binding law"].) We construe legislation in a way that gives effect to all parts and harmonizes them. (*Corley v. United States* (2009) 556 U.S. 303, 314; *Tingcungco*, *supra*, 237 Cal.App.4th at p. 253.) Here, we give effect to the note by reading the "*Notwithstanding*" clause as referring to the rest of Title 9 of the United States Code, including the FAA, which the Act amended and which generally promotes arbitration. (See *Murrey*, *supra*, 87 Cal.App.5th at p. 1230; *Cronus Investments Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 383–384 [the FAA sets forth a liberal federal policy favoring arbitration agreements].) This makes sense because the Act created an exception to the enforcement of arbitration agreements.

As for the "filed" language in Section 402, subdivision (a), Congress used this word when describing the kinds of cases the Act reaches but did not use this word in the statutory note governing the Act's applicability. When Congress includes particular language in one part of a statute but omits it in another, we presume Congress intended a difference in meaning. (*Digital Realty Trust, Inc. v. Somers* (2018) 583 U.S.149, 161.)

Jacky F. claims Seal Beach should be estopped from relying on the note now because its position on appeal is inconsistent with its position at the trial court. Seal Beach raised the note in its trial court briefing and at the hearing and argued the note supported its position. When pressed at the hearing, Seal Beach's counsel agreed with the court's statement that "those notes are not

8

the statutory language[.]" The reasonable reading of this exchange is that counsel appropriately acknowledged the note does not appear as a code section.

Finally, in a motion filed after her response brief, which does not explain the reason for the delayed filing and which Seal Beach opposed, Jacky R. requested that we take judicial notice of the entire Act and various printouts from the website of the Office of the Law Revision Counsel. Jacky R. should have discussed the new material in her response brief. (See *Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1064–1065 [noting requests for judicial notice should not be used to circumvent the normal briefing process and denying a request on this basis], overruled on another ground in *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1276.) This request was tardy and prevented Seal Beach from responding to the material and to Jacky R.'s new legal arguments. We deny the request. This appeal already requires us to consider the Act. In any event, we do not see how the new material helps Jacky R.

## DISPOSITION

We reverse the order denying Seal Beach's petition to compel arbitration, remand the case to the trial court for further proceedings, and award costs to Seal Beach.


                                                    WILEY, J.

We concur:


        GRIMES, Acting P. J.          VIRAMONTES, J.

9